DAUGHDRILL *v.* HATHORN.

(Division B. March 23, 1931.)

[133 So. 131. No. 29304.]

O. L. Berry, of Newhebron, and G. Wood Magee, of Monticello, for appellant.

E. B. Patterson and C. E. Gibson, both of Monticello, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

This is an appeal from a judgment for four hundred dollars in a bastardy proceeding against Hugh Hathorn in favor of Orelia Daughdrill for the support of a bastard child born January 14, 1930. The judgment was to be paid in sums of forty dollars per annum over a period of ten years. From this judgment the appellant appeals.

It appears that some time in 1927 Hugh Hathorn for a short period of time was a boarder in the home of the father of Orelia Daughdrill, who at that time was fifteen or sixteen years old, Hathorn being about thirty-five and a widower with two children. For about a year thereafter Hathorn maintained a camp near the home of Daughdrill and at frequent intervals visited the appellant and took her riding in an automobile. It appears from the testimony of the appellant that some time during the year 1928, the exact time she does not remember, she began to have sexual intercourse with Hathorn; this continued at infrequent intervals and she became pregnant during April, 1929. She testified that, after she became so, the appellee, Hathorn, asked her mother for her in marriage and stated that he was going to marry her. She also testified that they were engaged to be married when the acts of sexual intercourse began. Hathorn continued to visit the appellant at her home until just before Christmas preceding the birth of the child in January. The father and mother testified that they did not know of the pregnancy of their daughter until October during the fair at Jackson, Mississippi. After this was discovered Mr. Daughdrill, the father of the appellant, had her write Hathorn to come over, and he came over in November, 1929, and, according to the testimony of the father and mother of the appellant, he admitted responsibility for their daughter's condition and stated that he was going to marry her.

Hathorn denied having sexual relation with the appellant at all, but admitted going with her and being with her on numerous occasions. He denied writing certain letters exhibited to him addressed to the appellant and contained in the record bearing a government postmark and date of mailing, but he was contradicted as to this by testimony of the appellant, and the contents of the letters are such as indicate a knowledge of the appellant's condition then and solicitude and responsibility therefor. The evidence was ample to sustain the finding of the jury that he was the father of the child and the writer of the letters. While the appellee, Hathorn, was on the stand he was permitted to testify as to certain debts he owed, including a judgment against him in favor of the father of the appellant for two thousand dollars. He was permitted to testify that he had disposed of his property prior to the bringing of the bastardy proceeding, and that he owed his employers some one thousand five hundred dollars, and that he was the father of two children, and that his earnings were about fifty dollars per month.

The court granted the appellee, Hathorn, the following instruction, among others: "The court instructs the jury for the defendant, Hugh Hathorn, that if your minds should be satisfied by a clear preponderance of the evidence in this case that the defendant, Hugh Hathorn, is the father of the child in question, still the court further instructs you that when you come to assess the damages in this case, if any, it is your sworn duty to take into consideration, his ability to pay such damages so assessed, and that in no event should the jury award her more damages than is reasonably necessary for the support and education of said child, taking into consideration the defendant's ability to pay such judgment." The giving of this instruction is assigned as error.

After the verdict was returned the appellant filed a motion for a new trial setting up the inadequacy of the verdict, and that it was so inadequate as to be evidence of malice, prejudice, or partiality, and in disregard of the sworn testimony, and also the giving of the said instruction above quoted.

The testimony of the mother and father of the appellant, which was the only testimony offered on the amount necessary to support and educate the bastard child, was that it would require from twenty dollars to twenty-five dollars per month. The mother of the appellant testified that twenty dollars per month would be small enough for an allowance for that purpose. The father testified that he had reared six children and it required on an average of about twenty-five dollars per month to support and educate a child.

We think it was error for the court to admit evidence of the debts of the appellee, Hathorn, in this proceeding, and that it was error to instruct the jury that they should take into consideration his ability to pay, etc., as stated in the said instruction. The primary object of the proceeding is to secure the support and education of the child for a period of not more than eighteen years. The ability of the father to pay his debts is not a criterion by which this amount shall be determined. The only pertinent fact is his ability to earn, coupled with his property. The child must be supported and educated according to the requirements and standards of ordinary living in the community in which it is to be supported and educated. A child handicapped socially and in business by the stigma of bastardy ought not to be unduly restricted in its standard of living and education. It is entitled to have the benefits of an ordinary support and education such as other children usually receive to meet the requirements of life. We also are of the opinion that the verdict is so grossly inadequate as to shock conscience and intelligence. There can be no doubt that

forty dollars per year is wholly inadequate and insufficient to support and educate a child. No intelligent and honest person, it seems to us, could doubt that it would require more than this sum. The only evidence offered showed that it would require at least twenty dollars per month to support and educate the child in that community and under conditions prevailing there. Conceding that the jury can resort to their own knowledge and experience in such matters, and that they are not bound to accept amounts which their judgments show exaggerated, still the verdict cannot be reconciled upon any theory of fairness, impartiality, intelligence, and honesty. The jury may have been influenced by the evidence which showed that the father of the appellant had recovered a judgment against the appellee, Hathorn, which on objection the court refused to let the jury be informed of, for the injury done the father by the wrong to the appellant. This evidence had no place in the record. The father of the mother of the bastard child is not under primary duty to support such bastard child. That duty falls under the law upon the father of the bastard. He who has danced should pay the fiddler, and the law requires the father of the bastard child to support and educate it for such period of time until the child will become able to support and maintain itself.

A new trial should have been granted by the circuit judge as to damages alone. The judgment as to liability will be affirmed, and the judgment will be reversed and the cause remanded solely for the finding of the necessary amount to properly support such child.

Reversed for assessment of support alone.